
USCA1 Opinion

	




       [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
                 United States Court of Appeals
                     For the First Circuit





No. 98-2246

                    THE NATIONALIST MOVEMENT,
              Mississippi Non-Profit Corporation,
                                
                     Plaintiff, Appellant,
                                
                               v.
                                
                 CITY OF BOSTON, MASSACHUSETTS,
             A Massachusetts Municipal Corporation,
                                
                      Defendant, Appellee.
                                
                                
                                
          APPEAL FROM THE UNITED STATES DISTRICT COURT
                                
               FOR THE DISTRICT OF MASSACHUSETTS
                                
       [Hon. George A. O'Toole, Jr., U.S. District Judge]
                                
                                
                                
                             Before
                                
                     Torruella, Chief Judge,
               Selya and Boudin, Circuit Judges.
                                
                                
                                
                                
     Richard Barrett on brief for appellant.
     Merita A. Hopkins, Corporation Counsel, and Krisna M. Basu,
Assistant Corporation Counsel, City of Boston Law Department, on
brief for appellee.





September 2, 1999



  
            Per Curiam.  Appellant The Nationalist Movement
  appeals from the denial of its application, filed under 42
  U.S.C.  1988, for an award of attorney's fees for legal work
  performed by Richard Barrett, Esq. and for certain costs
  incurred by Barrett during the course of the litigation below. 
  The Movement also requests that oral argument be waived.  We
  grant this request and, after reviewing the record and the
  parties' briefs, find that the district court did not abuse its
  discretion in denying the application for fees and costs.
            1.  The language of Local Rule 83.5.3(b), which
  governs pro hac vice admissions in the Massachusetts district
  court, provides that "[a]n attorney . . . may appear and
  practice in [the district] court in a particular case by leave
  granted in the discretion of the court."  Under this rule, an
  attorney who lacks pro hac vice status may be viewed as being
  on the same footing as a non-lawyer.  Such a layperson, of
  course, is not entitled to  1988 fees.  See Kay v. Ehrler, 499
  U.S. 432, 435 (1991).  Thus, an attorney like Barrett, who
  engages in legal activities without having been admitted pro
  hac vice, accepts the risk that if his or her application for
  admission is denied,  1988 fees will not be forthcoming.
            Further, we think that the decision to bar Barrett
  from representing the Movement in the case because of ethical
  concerns is a sufficiently "special circumstance" to support
  the denial of  1988 fees to Barrett.  That is, the purpose of
   1988   "to enable potential plaintiffs to obtain the
  assistance of competent counsel in vindicating their rights,"
  Kay, 499 U.S. at 436   would not be furthered by awarding fees
  to such an attorney.  In any event, the Movement was
  represented by qualified counsel during most of the litigation
  and the court awarded attorney's fees for the services these
  lawyers had provided.
            2.  As for the Movement's  1988 request for certain
  costs expended by Barrett, we affirm the district court's
  denial of the request essentially for the reasons set out in
  the court's Statement of Reasons, dated August 10, 1999.
            The judgment of the district court is affirmed.


